UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY D. JOHNSON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>JAMES HARTLEY, Warden,<br><br>　　　　Respondent. | Case No.: 1:12-cv-01097-AWI-JLT<br><br>ORDER REQUIRING PETITIONER TO SUBMIT AN AMENDED PETITION<br><br>THIRTY DAY DEADLINE<br><br>ORDER DIRECTING CLERK OF THE COURT TO SEND PETITIONER A FORM FOR FILING HABEAS CORPUS PETITION PURSUANT TO 28 U.S.C. § 2254 |

　　　Petitioner is a state prisoner proceeding through retained counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

　　A.　<u>Insufficient Information And Failure To State A Cognizable Habeas Claim</u>.

　　　Petitioner filed the instant federal petition on April 4, 2012. (Doc. 1). A preliminary review of the petition indicates that Petitioner has not provided sufficient information regarding his claims for this case to proceed.

　　　Rule 2 of the Rules Governing Section 2254 Cases provides that the petition:
　　　"…shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should

1

have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified."

Rule 2(c), Rules Governing Section 2254 Cases. Additionally, the Advisory Committee Notes to Rule 4 explains that "…'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Advisory Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63, 75, n. 7, 97 S.Ct. 1621 (1977).

Here, Petitioner raises three challenges to the repeated denial by the Board of Parole Hearings ("BPH") regarding Petitioner's suitability for parole. However, Petitioner does not inform the Court of when or where the BPH hearings and determinations took place, he does not inform the Court of the basis for the BPH's decisions, nor has he provided any transcripts of those hearings in order for this Court to assess the merit of the claims he has sought to raise.

Put simply, Petitioner has submitted a petition with three generic claims against the BPH, but without any additional information upon which the Court could assess whether Petitioner's claims have any legal merit. It is Petitioner's responsibility to specify all grounds for relief and to provide sufficient factual allegations for the Court to determine what claims Petitioner is seeking to raise and whether those claims state the kind of federal constitutional violations upon which this Court's habeas jurisdiction is predicated. Petitioner has failed to meet these minimal pleading requirements. Accordingly, Petitioner will be required to submit a First Amended Petition in which he clearly and succinctly sets forth all of his claims, together with supporting factual allegations, in order for this case to proceed.

B.   Exhaustion of Remedies.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

1    A petitioner can satisfy the exhaustion requirement by providing the highest state court with a
2    full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v.
3    Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88
4    F.3d 828, 829 (9th Cir. 1996). In this instance, the highest state court would be the California Supreme
5    Court. A federal court will find that the highest state court was given a full and fair opportunity to
6    hear a claim if the petitioner has presented the highest state court with the claim's factual and legal
7    basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715,
8    1719 (1992) (factual basis).
9    Additionally, the petitioner must have specifically told the state court that he was raising a
10   federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th
11   Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999);
12   Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).
13   Here, although Petitioner has alleged that he has presented these claims to the California
14   Supreme Court, he has not provided any information regarding when he presented those claims, when
15   the California Supreme Court denied them, nor has he provided copies of the orders denying his
16   claims in the California Supreme Court. Without this information, the Court simply cannot proceed.
17   In his amended petition, Petitioner must provide the specific information regarding what claims he has
18   raised in the California Supreme Court, when those claims were denied, and provide copies of the state
19   high court's orders denying those claims.
20   C.  Statute of Limitations.
21   On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of
22   1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus
23   filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997);
24   Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).
25   The instant petition was filed on April 4, 2012, and thus, it is subject to the provisions of the AEDPA.
26   The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal
27   petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d)
28   reads:

>(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The AEDPA's one-year statute of limitations, as embodied in § 2244(d)(1), applies to habeas petitions challenging an administrative decision in the context of a parole board determination. Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004); see Redd v. McGrath, 343 F.3d 1077, 1080 n. 4 (9th Cir. 2003). Under subsection (d), the limitation period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." In the context of a parole board decision, the factual basis is the parole board's denial of a petitioner's administrative appeal. Shelby, 391 F.3d at 1066; Redd, 343 F.3d at 1082-1083.

Here, as mentioned above, despite the fact that Petitioner is clearly challenging one or more prior decisions of the BPH, Petitioner has provided no information whatsoever regarding that hearing or those hearings, e.g., the date or dates of the hearing or hearings, and any transcripts of those hearings that the Court would require in order to review the evidence presented and the decisions made regarding those hearings. Accordingly, the Court cannot perform its screening function to

determine whether the instant petition is timely under the AEDPA without first knowing what decision is being challenged and when that decision was made.

     D.  Denial of Parole Suitability.

     On January 24, 2011, the Supreme Court issued a *per curiam* opinion in Swarthout v. Cooke, 562 U.S.___, ___ S.Ct. ___, 2011 WL 197627 (No. 10-133, Jan. 24, 2011).  In that decision, the United States Supreme Court characterized as reasonable the decision of the Court of Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth Amendment's Due Process Clause, which in turn requires fair procedures with respect to the liberty interest.  Swarthout, 2011 WL 197627, *2.

     However, the procedures required for a parole determination are the minimal requirements set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12, 99 S.Ct. 2100 (1979).[1]  Swarthout v. Cooke, 2011 WL 197627, *2.  In Swarthout, the Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the decision to deny parole.  In doing so, the High Court stated as follows:

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. (Citation omitted.)  When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication–and federal courts will review the application of those constitutionally required procedures.  In the context of parole, we have held that the procedures requires are minimal.  In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied.  (Citation omitted.)

Swarthout, 2011 WL 197627, *2.  The Court concluded that the petitioners had received the due process to which they were due:

> They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied...

---

[1]In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole and that due process is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made.  Id. at 15-16.  The decision maker is not required to state the evidence relied upon in coming to the decision.  Id.

5

> That should have been the beginning and the end of the federal habeas courts' inquiry into whether [the petitioners] received due process.

Swarthout, 2011 WL 197627, *3. The Court went on to expressly point out that California's "some evidence" rule is not a substantive federal requirement, and correct application of the State's "some evidence" standard is not required by the federal Due Process Clause. Id. at *3. The Supreme Court emphasized that "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business." Id.

Swarthout thus forecloses any claim premised upon California's "some evidence" rule because this Court cannot entertain substantive due process claims related to a state's application of its own laws. Here, the claims in the petition appear to sound exclusively in substantive due process and would therefore be foreclosed by Swarthout. Review of the record for "some evidence," or for a "nexus" between present dangerousness and certain indicia, or reliance upon the circumstances of the commitment offense to support denial of parole, are tasks that simply are not within the scope of this Court's habeas review under 28 U.S.C. § 2254. Accordingly, any petition containing only those types of claims would have to be summarily dismissed.

Moreover, to the extent that the claims in the petition might rest solely on state law, they would not be cognizable on federal habeas corpus. Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation. Wilson v. Corcoran, 562 U.S. ___, 131 S.Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475 (1991). Alleged errors in the application of state law are not cognizable in federal habeas corpus. Souch v. Schiavo, 289 F.3d 616, 623 (9th Cir. 2002). Indeed, federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), cert. denied, 493 U.S. 942 (1989).

For all of the foregoing reasons, the instant petition in deficient. Petitioner will be required to file an amended petition containing sufficient information for the Court to proceed with the case.

Accordingly, it is HEREBY ORDERED that:

1. Petitioner is GRANTED thirty (30) days from the date of service of this Order to SUBMIT a FIRST AMENDED PETITION that clearly lists each ground for relief that Petitioner

intends to raise in this Court along with a brief statement of supporting facts with sufficient detail for the Court to determine the nature of the claims and whether the instant petition is timely under the AEDPA. The amended petition should be clearly and boldly titled "FIRST AMENDED PETITION," it must contain the appropriate case number, and it must be an original signed under penalty of perjury. The FIRST AMENDED PETITION must raise only claims that have been fully exhausted in state court by presenting those claims to the California Supreme Court, and they must allege violations of federal constitutional law. Petitioner should also note that every pleading to which an amendment or supplement is permitted must be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. Local Rule 220.

2. The Clerk of the Court is DIRECTED to send Petitioner a blank form petition for petitioners filing pursuant to 28 U.S.C. § 2254.

Petitioner is forewarned that his failure to comply with this Order may result in an Order of Dismissal or a Recommendation that the petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **July 31, 2012**              /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE