# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY D. JOHNSON,<br><br>    Petitioner,<br><br>    v.<br><br>JAMES HARTLEY, Warden,<br><br>    Respondent. | Case No.: 1:12-cv-01097-AWI-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO SUMMARILY DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS<br><br>ORDER DISREGARDING PETITIONER'S MOTION TO REQUIRE COPIES (Doc. 14) AND MOTION TO LIBERALLY CONSTRUE THE PETITION (Docs. 14 & 15) |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## PROCEDURAL HISTORY

On April 4, 2012, Petitioner filed the instant petition for writ of habeas corpus. (Doc. 1). Because the claims raised in the original petition contained insufficient factual allegations, the Court, on July 31, 2012, ordered Petitioner to file an amended petition. (Doc. 11). On September 26, 2012, Petitioner filed a first amended petition (Doc. 16), along with an motion for an order for state prison officials to copy Petitioner's first amended petition and supporting exhibits (Doc. 14), and a motion to

1

1 liberally construe Petitioner's amended petition. (Doc. 15).

2     I. <u>Preliminary Screening of the Petition</u>.

3     Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>see also Hendricks v. Vasquez</u>, 908 F.2d 490 (9th cir. 1990). Habeas Rule 2(c) requires that a petition (1) specify all grounds of relief available to the Petitioner; (2) state the facts supporting each ground; and (3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; <u>O'Bremski</u>, 915 F.2d at 420. Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. <u>Hendricks</u>, 908 F.2d at 491.

    Further, the Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; <u>see</u> <u>Herbst v. Cook</u>, 260 F.3d 1039 (9th Cir.2001).

    II. <u>Failure to State a Claim Cognizable Under Federal Habeas Corpus</u>

    On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. <u>Lindh v. Murphy,</u> 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on April 4, 2012, and thus, it is subject to the provisions of the AEDPA.

    In the first amended petition, Petitioner alleges that he is an inmate of the California Department of Corrections and Rehabilitation who is serving an indeterminate sentence of seven years-to-life as a result of a 1991 conviction in the Sacramento County Superior Court for aiding and

2

1  abetting attempted murder.  (Doc. 16, p. 1).  Petitioner does not challenge either his conviction or
2  sentence; rather, Petitioner challenges April 14, 2010 decision of the Board of Parole Hearings
3  ("BPH") finding him unsuitable for parole for the fourth time.
4        Petitioner raises the following grounds for relief: (1) the state courts agreed that Petitioner's
5  constitutional rights were violated in the BPH hearing process but refused to correct the error; (2) the
6  state courts violated Petitioner's state and federal due process and equal protection rights by affirming
7  the BPH's arbitrary decision; (3) the state courts deprived Petitioner of his constitutional due process
8  and equal protection rights in affirming the BPH decision regarding the applicability of Proposition 9
9  ("Marsy's Law"); and (4) the state courts deprived Petitioner of his state and federal due process and
10 equal protection rights by affirming a state agency decision that effectively converted his sentence in
11 to one of life without the possibility of parole.  (Doc. 1, pp. 5-7).
12     A.  <u>Substantive Due Process Claims And California's "Some Evidence" Standard</u>
13       As discussed more fully below, the claims in the first amended petition sound exclusively in
14 substantive federal due process and therefore are not cognizable in these proceedings.
15       The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of
16 Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he
17 is "in custody in violation of the Constitution."  28 U.S.C. § 2254(a) states that the federal courts shall
18 entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in
19 violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §§ 2254(a)(, 2241(
20 c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362, 375 n. 7, 120 S.Ct. 1495 (2000); <u>Wilson v. Corcoran</u>, 562
21 U.S. ___, 131 S.Ct. 13, 16 (2010); <u>see also</u>, Rule 1 to the Rules Governing Section 2254 Cases in the
22 United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an
23 attack by a person in custody upon the legality of that custody . . ." <u>Preiser v. Rodriguez</u>, 411 U.S. 475,
24 484 (1973).  Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner
25 must demonstrate that the adjudication of his claim in state court resulted in a decision that was
26 contrary to, or involved an unreasonable application of, clearly established Federal law, as determined
27 by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable
28

determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

Because California's statutory parole scheme guarantees that prisoners will not be denied parole absent some evidence of present dangerousness, the Ninth Circuit Court of Appeals has held that California law creates a liberty interest in parole that may be enforced under the Due Process Clause. Hayward v. Marshall, 602 F.3d 546, 561-563 (9th Cir.2010); Pearson v. Muntz, 606 F.3d 606, 608-609 (9th Cir. 2010); Cooke v. Solis, 606 F.3d 1206, 1213 (2010), *rev'd*, Swarthout v. Cooke, 562 U.S.___, 131 S.Ct. 859, 2011 WL 197627 (Jan. 24, 2011). The Ninth Circuit instructed reviewing federal district courts to determine whether California's application of California's "some evidence" rule was unreasonable or was based on an unreasonable determination of the facts in light of the evidence. Hayward v. Marshall. 603 F.3d at 563; Pearson v. Muntz, 606 F.3d at 608.

On January 24, 2011, the Supreme Court issued a *per curiam* opinion in Swarthout v. Cooke, 562 U.S.___, 131 S.Ct. 859, 2011 WL 197627 (No. 10-133, Jan. 24, 2011). In that decision, the United States Supreme Court characterized as reasonable the decision of the Court of Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth Amendment's Due Process Clause, which in turn requires fair procedures with respect to the liberty interest. Swarthout, 131 S.Ct. at 861.

However, the procedures required for a parole determination are the minimal requirements set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12, 99 S.Ct. 2100 (1979).[1] Id. In Swarthout, the Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the decision to deny parole. In doing so, the High Court stated as follows:

---

[1] In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole and that due process is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made. Id. at 15-16. The decision maker is not required to state the evidence relied upon in coming to the decision. Id.

4

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. (Citation omitted.)  When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication–and federal courts will review the application of those constitutionally required procedures.  In the context of parole, we have held that the procedures requires are minimal.  In <u>Greenholtz</u>, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied.  (Citation omitted.)

<u>Swarthout</u>, 131 S.Ct. at 862.

> The Court concluded that the petitioners had received the due process to which they were due:
>
> They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied...
>
> That should have been the beginning and the end of the federal habeas courts' inquiry into whether [the petitioners] received due process.

<u>Id</u>.  The Court went on to expressly point out that California's "some evidence" rule is not a substantive federal requirement, and correct application of the State's "some evidence" standard is not required by the federal Due Process Clause.  <u>Id</u>.  The Supreme Court emphasized that "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business."  <u>Id</u>. at 863.

<u>Swarthout</u> forecloses any claim premised upon California's "some evidence" rule because this Court cannot entertain substantive due process claims related to a state's application of its own laws. Here, the claims in the petition sound exclusively in substantive due process and are therefore foreclosed by <u>Swarthout</u>.  Review of the record for "some evidence," or for a "nexus" between present dangerousness and certain indicia, or reliance upon the circumstances of the commitment offense to support denial of parole, are simply not within the scope of this Court's habeas review under 28 U.S.C. § 2254.  Accordingly, the petition should be summarily dismissed.

Moreover, to the extent that the claims in the petition rest on violations of state constitutional law or state regulatory law, they are not cognizable on federal habeas corpus.  Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation.

Wilson v. Corcoran, 562 U.S. ___, 131 S.Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475 (1991). Alleged errors in the application of state law are not cognizable in federal habeas corpus. Souch v. Schiavo, 289 F.3d 616, 623 (9th Cir. 2002). Indeed, federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989).

B. Procedural Due Process

Petitioner has neither claimed nor established a violation of his federal right to procedural due process. Petitioner has included a transcript of the BPH hearing along with the first amended petition. (Doc. 16, pp. 109-163). From that transcript, it is clear that Petitioner was present at the BPH hearing, that he had an opportunity to be heard, that he was represented by counsel who also attended the hearing and argued on Petitioner's behalf , and that Petitioner received a statement of the Board's reasons for denying parole. (Id.).

According to the Supreme Court, this is "the beginning and the end of the federal habeas courts' inquiry into whether [the prisoner] received due process." Swarthout, 131 S.Ct. at 862. "The Constitution does not require more [process]." Greenholtz, 442 U.S. at 16. Therefore, the instant petition does not present cognizable claims for relief and should be summarily dismissed.

C. Proposition 9 Violates The Federal Ex Post Facto Clause

Petitioner also contends that Proposition 9, sometimes referred to as "Marsy's Law," which permits the BPH to delay an inmate's next parole hearing for up to fifteen years, is a violation of the Ex Post Facto clause of the federal constitution. The Court disagrees.

"The States are prohibited from enacting an ex post facto law." Garner v. Jones, 529 U.S. 244, 249 (2000)(citing U.S. Const., art. I, § 10, cl. 1). "One function of the Ex Post Facto Clause is to bar enactments which, by retroactive operation, increase the punishment for a crime after its commission." Id. Although retroactive changes in laws governing parole of inmates may violate the Ex Post Facto Clause, "not every retroactive procedural change creating a risk of affecting an inmate's terms or conditions of confinement is prohibited." Id. at 250. A retroactive procedural change violates the Ex Post Facto Clause when it "creates a significant risk of prolonging [an inmate's] incarceration." Id. at

6

251. A "speculative" or "attenuated" risk of prolonging incarceration is insufficient to establish a violation of the Ex Post Facto Clause. Cal. Dept. Of Corr. v. Morales, 514 U.S. 499, 509 (1995). Thus, in order to establish an Ex Post Facto Clause violation, (1) an inmate must show that Proposition 9, on its face, creates a significant risk of increasing the punishment of California life-term inmates, or (2) the inmate must "demonstrate, by evidence drawn from [Proposition 9's] practical implementation...that its retroactive application will result in a longer period of incarceration than under the [prior law]." Garner, 529 U.S. at 255.

Prior to the enactment of Proposition 9, California law required that a state inmate receive an annual parole hearing unless, when certain circumstances were present, the BPH scheduled the hearing for between two and five years hence. Cal. Pen. Code § 3041.5(b)(2). In 2010, Proposition 9 amended California law to eliminate the annual parole hearing and permit the BPH to schedule future hearings between three and fifteen years hence. Cal. Pen. Code § 3041.5(b)(3)(2010).

In Gilman v. Schwarzenegger, 638 F.3d 1101 (9th Cir. 2011), the Ninth Circuit rejected an inmate's ex post facto challenge to Proposition 9. After noting that "Proposition 9 did not increase the statutory punishment for any particular offense, did not change the date of inmates' initial parole hearings, and did not change the standard by which the Board determined whether inmates were suitable for parole," the Court went on to consider the effect of the greater delays between parole hearings on the inmate's period of incarceration, and concluded that no federal violation occurred:

> Even assuming, without deciding, that the statutory changes decreasing the frequency of scheduled hearings would create a risk of prolonged incarceration, the availability of advance hearings is relevant to whether the changes in the frequency of parole hearings create a significant risk that prisoners will receive a greater punishment. Garner, 529 U.S. at 256-257; Morales, 514 U.S. at 512.
> ...
> Here, advance hearings are explicitly made available by statute: 'The board may in its discretion...advance a hearing...to an earlier date, when a change in circumstances or new information establishes a reasonable likelihood that consideration of the public and victim's safety does not require the additional period of incarceration of the prisoner.' Cal. Penal Code § 3041.5(b)(4). The Board may exercise its discretion to hold an advance hearing sua sponte or at the request of a prisoner. A prisoner may request an advance hearing by submitting a written request that 'set[s] forth the change in circumstances or new information that establishes a reasonable likelihood that consideration of the public safety does not require the additional period of incarceration." Id. § 3041.5(d)(1). The Board's decision to deny a prisoner's request for an advance hearing is subject to judicial review. Id. § 3041.5(d)(2).

   Here, as in <u>Morales</u>, an advance hearing by the Board 'would remove any possibility of harm' to prisoners because they would not be required to wait a minimum of three years for a hearing. 514 U.S. at 513

<u>Gilman</u>, 638 F.3d at 1108-1109.

   The Ninth Circuit concluded that "[t]here were no facts in the record from which the district court could infer that Proposition 9 created a significant risk of prolonging Plaintiff's incarceration." <u>Id</u>. at 1110. Accordingly, Petitioner's claim to the contrary is summarily rejected.

   D. <u>Proposition Nine Does Not Violate Equal Protection</u>.

   To the extent that Petitioner also contends that Proposition Nine violates his federal equal protection rights, that argument, too, is without merit.

   The Fourteenth Amendment's Equal Protection Clause is "essentially a direction that all persons similarly situated should be treated alike." <u>Cleburne, v. Cleburne Living Ctr.</u>, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985). Petitioner can establish an equal protection claim by showing that the Respondent intentionally discriminated against Petitioner based on his membership in a protected class, <u>see</u> <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were treated differently without a rational basis for the difference in treatment. <u>See</u> <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000)(per curiam). Petitioner makes no claim that he is a member of a protected class. Therefore, to state an equal protection claim under the latter theory, Petitioner must allege that (1) he was intentionally treated differently from other similarly situated individuals; and (2) there is no rational basis for the difference in treatment. <u>See</u> <u>Engquist v. Oregon Department of Agriculture</u>, 553 U.S. 591, 601, 128 S.Ct. 2146 (2008). In this case, Petitioner has failed to either provide any basis for showing either that he was intentionally treated differently than others similarly situated or that there was no rational basis for the difference in treatment. Thus, he is not entitled to federal habeas relief under an equal protection theory.

In <u>Gilman v. Schwarzenegger</u>, 2010 WL 4925439 (9th Cir. Dec. 6, 2010),[1] the Ninth Circuit held that Proposition 9 "did not change the date of inmates' initial parole hearings, and did not change the standard by which the Board determined whether inmates were suitable for parole." <u>Gilman</u>, 2010 WL 4925439 at *5. In addition, even if it is assumed "that the statutory changes decreasing the frequency of scheduled hearings would create a risk of prolonged incarceration, the availability of advance hearings is relevant to whether the changes in the frequency of parole hearings create a significant risk that prisoners will receive a greater punishment." <u>Id</u>. at *6. Nothing that California's Penal Code § 3041.5(b)(4) provides that the BPH "may in its discretion...advance a hearing...to an earlier date, when a change in circumstances or new information establishes a reasonable likelihood that consideration of the public and victim's safety does not require the additional period of incarceration of the prisoner," the Ninth Circuit held that such discretion "would remove any possibility of harm" to prisoners because they would not be required to wait a minimum of three years for a hearing. <u>Id</u>. at * 5-6. Accordingly, Petitioner's equal protection claim is without merit.[2]

In sum, Petitioner has alleged no claim over which the Court has federal habeas jurisdiction or, alternatively, no claim that has even superficial merit. Therefore, the petition should be summarily dismissed. Moreover, Petitioner's other pending motions are unnecessary or moot. The need for copies by prison officials has been rendered moot in light of Petitioner's ability to file the amended petition and accompanying exhibits. Also, the motion to liberally construe the amended petition is entirely unnecessary since the Court always construes a pro se petitioner's filings in this manner.

## ORDER

Accordingly, it is HEREBY **ORDERED** as follows:

1. Petitioner's motion for an order for the prison to copy his petition and exhibits (Doc. 14), is **DISREGARDED** as **MOOT**.

---

[1] This case was the original decision of the Ninth Circuit in 2010. It was amended and superseded by <u>Gilman</u>, 638 F.3d 1101, as discussed supra. However, the latter case dealt only with the Ex Post Facto issue and neither addressed nor disturbed the original decision regarding the Equal Protection clause.

[2] Although the gravamen of Petitioner's equal protection claim is the purportedly improper denial of his request for an expedited parole hearing, i.e., precisely the type of relief envisioned in <u>Gilman</u>, the state agency's denial of his request to expedite invokes only issues of state agency discretion. Petitioner has not made a convincing case that the state agency's denial of his request for an expedited hearing invokes federal constitutional concerns.

2. Petitioner's motion to liberally construe the amended petition (Doc. 15), is **DISREGARDED** as unnecessary.

## RECOMMENDATION

For the foregoing reasons, the Court **HEREBY RECOMMENDS** that the first amended petition for writ of habeas corpus (Doc. 16), be **SUMMARILY DISMISSED** for failure to state a claim upon which federal habeas relief can be granted.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 26, 2012**                     **/s/ Jennifer L. Thurston**
                                                  UNITED STATES MAGISTRATE JUDGE